COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Frank and Humphreys
Argued at Richmond, Virginia


CHARLES D. JOHNSON
                                    MEMORANDUM OPINION* BY
v.    Record No. 2558-99-2          JUDGE ROBERT P. FRANK
                                         OCTOBER 3, 2000
CITY OF RICHMOND


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Thomas N. Nance, Judge

           Rebecca K. Glenberg (Richard W. Ferris;
           American Civil Liberties Union of Virginia
           Foundation, Inc., on brief), for appellant.

           No brief or argument for appellee.[1]


     Charles D. Johnson, appellant, was convicted in a bench trial

of violating Richmond Code § 18-2, which prohibits "unreasonably

loud, disturbing, and unnecessary noise."  On appeal, he contends

the trial court erred in:  1) convicting him under § 18-2, the

general noise ordinance, because a more specific city ordinance

allows amplified, non-commercial speech; 2) finding that § 18-2 is

not unconstitutionally vague on its face; and 3) finding that

§ 18-2 is not unconstitutionally vague as applied to his conduct.[2]

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] The Court grants appellant's motion to strike appellee's
brief as it was not timely filed.

        [2] Appellant does not attack the ordinance as violating the
First Amendment.

For the following reasons, we agree and reverse appellant's conviction.

## I. BACKGROUND

Appellant, a "street preacher," preached adjacent to an office building at 600 East Broad Street in Richmond. Appellant used amplified music to accompany his preaching. He preached almost daily between 1:00 p.m. and 5:30 p.m. On May 21, 1999, he was positioned approximately ten feet from the front door of the office building.

Susan Willis, who worked on the first floor of the building, testified the amplification was so loud that it interfered with her work.[3] Willis went to her window, pulled back the curtains and saw appellant preaching. The noise shook her window. She called the police on several occasions. Appellant lowered the volume when the police came and raised the volume when they left.

David Owens, the building manager, received complaints from other tenants about the noise and asked appellant to lower the volume. The trial court stated it could not allow, even a preacher, to "rattle the windows in that building and disturb everybody there," and found appellant guilty under Richmond Code § 18-2. The trial court did not address the constitutional arguments raised by appellant.

---

[3] The record does not reflect whether the offensive noise is from amplified music, amplified human speech or both.

-

## II. ANALYSIS

Appellant contends he cannot be punished under Richmond Code § 18-2, the general noise ordinance, which prohibits "unreasonably loud, disturbing and unnecessary noise." Appellant maintains Richmond Code § 18-2 does not apply to non-commercial, amplified speech of the type in which he engaged. We agree.

Richmond Code § 18-17(b) is dispositive of this issue. It states:

> No person shall operate, or cause to be operated, any sound-amplifying equipment for commercial sound advertising purposes or for any purposes connected with commercial advertising or incident thereto in the City so that the amplification of the human voice, music or any other sound emitted therefrom for such purposes is audible on or in any street, alley, road, park, playground or any other public way or place; provided, that the use of sound-amplifying equipment where the music or speech amplified pertains exclusively to religious subjects or other subjects of general educational interest to the public shall be deemed to be a noncommercial use of sound-amplifying equipment and subject only to the regulations prescribed by Section 18-18.

Richmond Code § 18-17.

Clearly, appellant's amplified speech exclusively pertained to religious subjects. Therefore, his conduct must be examined in reference to the elements of Richmond Code § 18-18, not Richmond Code § 18-2.

Richmond Code § 18-18, entitled "Noncommercial Use," regulates the non-commercial use of sound amplifying equipment as

-

follows: 1) only music and human speech may be amplified; 2) between the hours of 10:00 a.m. and 11:00 p.m.; 3) the amplified human speech or music cannot be slanderous, and 4) the volume of sound cannot be audible "above the level of conversation speech at a distance in excess of two hundred (200) feet from the property on which the amplified sound originates." Richmond Code § 18-18.

The City neither alleged nor proved that appellant's preaching took place outside the hours between 10:00 a.m. and 11:00 p.m., that it was slanderous, or that it was audible above a normal conversation at a distance of two hundred feet or more. We find, therefore, that appellant did not violate Richmond Code § 18-18, and we do not address the constitutionality of Richmond Code § 18-2.

For these reasons, we reverse the conviction and dismiss the summons.

Reversed and dismissed.